UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE MYRON SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>DALE BRADFORD LOHMAN,<br><br>    Defendant. | Case No. 16-cv-06977-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the filing fee.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

The complaint is incomprehensible.  It is not clear who is the defendant and the defendant's relationship to plaintiff.  It appears that the defendant is the deputy district attorney who prosecuted plaintiff's criminal case.  Complaint at 17, 21, 25.

A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  But prosecutors are entitled only to qualified immunity when they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

To determine whether an action is judicial, investigative or administrative, courts look at "the nature of the function performed, not the identity of the actor who performed

2

it." Kalina v. Fletcher, 522 U.S. 118, 127 (1997).

Where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a). *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "'verbose, confusing and almost entirely conclusory'"). But "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131 (9th Cir. 2008). A complaint, even if lengthy, is permissible if it is "coherent, well-organized, and state[s] legally viable claims." *Id.*

The complaint with exhibits is 167 pages and the court is unable to discern the nature of this action or the relief that plaintiff seeks. The complaint is dismissed with leave to amend to provide a shorter and clearer amended complaint describing plaintiff's claims and the relief he seeks. This case was classified by the court as a prisoner civil rights action. Plaintiff has filed a notice that he filed this case as a personal property tort claim. However, if the sole defendant in this case is the prosecutor from plaintiff's trial then the defendant would appear to be a state actor and § 1983 is applicable. If this is not a § 1983 action then plaintiff must describe in a clear and concise manner how the court has jurisdiction.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **February 8, 2017**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the

3

1 court informed of any change of address by filing a separate paper with the clerk headed
2 "Notice of Change of Address," and must comply with the court's orders in a timely
3 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
4 pursuant to Federal Rule of Civil Procedure 41(b).

5      **IT IS SO ORDERED.**

6 Dated: January 6, 2017

                     PHYLLIS J. HAMILTON
                     United States District Judge

10 \\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2016\2016_06977_Scott_v_Lohman_(PSP)\16-cv-06977-PJH-dwlta.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE MYRON SCOTT,<br><br>    Plaintiff,<br><br>   v.<br><br>DALE BRADFORD LOHMAN,<br><br>    Defendant. | Case No. 16-cv-06977-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 6, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dane Myron Scott ID: T51397
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960


Dated: January 6, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Nichole Peric, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON