United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANE MYRON SCOTT,

    Plaintiff,

v.

DALE BRADFORD LOHMAN,

    Defendant.

Case No. 16-cv-06977-PJH

**ORDER OF DISMISSAL**

Re: Dkt. Nos. 12, 13

Plaintiff, a state prisoner, filed a pro se complaint that was dismissed with leave to amend. He has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff seeks relief regarding his criminal conviction.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

The original complaint was incomprehensible and the amended complaint remains quite confusing.  Plaintiff states that he does not wish to proceed pursuant to either § 2254 or § 1983.  He argues that all judges, prosecutors, attorneys and clerks are operating in a fiduciary trustee capacity; therefore he can pursue a contract action.  He

2

presents no case law to support this assertion.

Plaintiff was convicted on several counts of committing lewd and lascivious acts on a child under the age of 14 and he was sentenced to 100 years to life in state prison. Amended Complaint at 15; *People v. Scott*, H040175, 2014 WL 1597928 (Cal. Ct. App. April 21, 2014); *People v. Scott*, No. H024429, 2004 WL 2351590, (Cal. Ct. App. Oct. 20, 2004). For relief in this case plaintiff seeks for his conviction to be voided because of due process violations. If plaintiff seeks to challenge his conviction he must file a habeas petition after exhausting his state court remedies.[1]

To the extent he seeks to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

To the extent plaintiff names the prosecuting deputy district attorney as a defendant he is informed that a state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). But prosecutors are entitled only to qualified immunity when they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

---

[1] Court records indicate that plaintiff filed a habeas petition in this court that was denied. *See Scott v. Galaza*, Case No. 06-cv-2792-MMC. To proceed with a second or successive petition, plaintiff must obtain permission from the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A).

Plaintiff's allegations in this action are frivolous and fail to state a claim.  Because no further amount of amendment would cure the deficiencies of the complaint, this action is dismissed without leave to amend.

**CONCLUSION**

1. The motions for an extension and to refile (Docket Nos. 12, 13) are **GRANTED** and the amended complaint is deemed timely filed and has been reviewed by the court.

2. This action is **DISMISSED** with prejudice as frivolous and for failure to state a claim.

3. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: February 17, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2016\2016_06977_Scott_v_Lohman_(PSP)\16-cv-06977-PJH-dis.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE MYRON SCOTT,<br><br>    Plaintiff,<br><br>  v.<br><br>DALE BRADFORD LOHMAN,<br><br>    Defendant. | Case No.  16-cv-06977-PJH<br><br>**CERTIFICATE OF SERVICE** |

     I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

     That on February 17, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dane Myron Scott ID: T51397
Correctional Training Facility WA-341
P.O. Box 705
Soledad, CA 93960

Dated: February 17, 2017

Susan Y. Soong
Clerk, United States District Court

By:____*Kelly Collins*____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON

5